
## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SUVAS D. PATEL,<br><br>  Plaintiff/Counterclaim-Defendant,<br><br>  v.<br><br>BIJAL M. PATEL,<br><br>  Defendant/Counterclaim-Plaintiff. | DOMESTIC CASE NO. DM 0845-11<br><br>**DECISION AND ORDER** |

**INTRODUCTION**

This matter came before the Honorable Arthur R. Barcinas on the 2nd day of July, 2014, for hearing on the Plaintiff's Motions to Vacate Default and Default Judgment. Plaintiff/Counterclaim Defendant Suvas D. Patel represented himself pro se, and Attorney Michael J. Berman represented the Defendant. For the reasons set forth below, the Plaintiff's Motions to Vacate Default and Default Judgment are DENIED.

**FACTUAL AND PROCEDURAL HISTORY**

On December 13, 2011, the Plaintiff/Counterclaim-Defendant Suvas D. Patel sued the Defendant/Counterclaim-Plaintiff Bijal M. Patel for an annulment of marriage. The Plaintiff alleged that the Defendant obtained the marriage by fraud, and therefore sought an annulment under 19 GCA § 8101(d). The Defendant filed her answer on March 2, 2012, denying the fraud allegation.

A pre-trial conference was held on December 12, 2012. The Defendant, who lives in Tampa, Florida and had been given permission by the Court to appear at trial by videoconference, was represented by her counsel. Neither the Plaintiff nor his counsel at the time, Attorney Phillip Torres, attended. At the conference, the Court instructed that trial briefs were due on January 9, 2013. The Defendant filed her trial brief on the due date, but the Plaintiff did not. On January 16, the Plaintiff filed a notice of substitution of counsel, informing the Court that he would be representing himself pro se. On January 22, the Plaintiff moved for enlargement of time to file his trial brief. This motion stated that the failure to file the brief and to attend the pre-trial conference a month earlier had been caused by negligence on the part of the Plaintiff's former counsel, who had since been discharged. The Plaintiff filed a trial brief on January 29, 2013.

A bench trial had been scheduled for February 20, 2013. However, the Plaintiff's trial brief contained an argument for annulment on the basis that the parties' marriage had never been consummated. The Court vacated the trial and ordered discovery and motions limited to the consummation issue. At this hearing, the Court also specifically told the Plaintiff that the fact that he now represented himself pro se did not relieve him from the obligation to follow the Court's procedural rules.

On June 12, 2013 the Defendant moved to amend her answer to include a counterclaim for dissolution of marriage. At the motion hearing on August 23, the Plaintiff did not object to the motion, and the Court granted it. The Plaintiff requested leave to file a new trial brief, which the Defendant's counsel did not object to. The Plaintiff also requested leave to file a motion for summary judgment. The Court denied this on the basis that the motion period had already passed, and reminding the Plaintiff to review the rules. The Court then instructed the Plaintiff

that under the Rules of Civil Procedure he had time to file an answer to the Defendant's counterclaim. The Defendant's Amended Answer to Plaintiff's Verified Complaint for Annulment and Counterclaim for Divorce was filed on August 30. The filing of a certificate of service followed on September 5. The Plaintiff/Counterclaim-Defendant did not file a timely answer to the counterclaim or otherwise appear, and on October 8 the Defendant/Counterclaim-Plaintiff filed a request for entry of default. Default was entered on October 11.

Contravening the Court's previous instruction that the time to file a motion for summary judgment had passed, on December 10, 2013, the Plaintiff filed a motion for leave to exceed the page limits for a memorandum in support of a motion for summary judgment. In a Decision and Order of December 30, the Court again explained that such a summary judgment motion would be untimely.

Also on December 10, 2013, the Plaintiff emailed the Defendant's counsel, seeking to schedule a hearing date for the Plaintiff's motion for summary judgment. The Defendant's counsel's reply email informed the Plaintiff that a motion for summary judgment was time barred, and that at the next hearing the Defendant would move for a default judgment for the Defendant's counterclaim for divorce.

At the pre-trial conference on January 3, 2014, the Defendant's counsel moved for a default judgment on the counterclaim for divorce. Noting that it had previously admonished the Plaintiff to follow the Rules of Civil Procedure, the Court granted the default judgment. Accordingly, a final decree of divorce was issued on January 14, which was confirmed with a certificate of divorce on January 22.

On January 10, the Plaintiff moved to vacate the entry of default and the default judgment. This first filing was procedurally improper, but its defects were corrected in

subsequent filing on January 24. The bases for the motion are Guam Rule of Civil Procedure 55(c) and 60(b), specifically 60(b)(1), (4), and (6). The Defendant opposed the motion on February 21. As noted in its Order of June 17, 2014, the Court corrected its previous error and scheduled the motion hearing for July 2. After the hearing, the Court took the motion under advisement.

## DISCUSSION

The Plaintiff calls his motion a "Motion to Vacate Default and Default Judgment." Pl.'s Mot., Jan. 24. 2014. It states: "This motion is brought pursuant to Rule 55(c) on grounds permissible under Rule 60(b), (b)(1), (b)(4), and (b)(6). Id. Guam Rule of Civil Procedure 55(c), Setting Aside Default, reads as follows: "For good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." GRCP 55(c). Rule 60(b) more provides for relief from judgments, including default judgments. Rule 60(b) sets out the following list of reasons that a court may relieve a party from a final judgment:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
(6) any other reason justifying relief from the operation of the judgment.

GRCP 60(b). The Court construes the Plaintiff's motion as making both a Rule 55(c) motion to set aside the entry of default, which, if granted, would also void any default judgment resulting from that entry of default, and also a Rule 60(b) motion for relief from the default judgment.

The Supreme Court of Guam has extensively discusses the relationship between entries of default and default judgments, and the obligations of courts with regard to each, in <u>Adams v. Duenas</u>:

> Guam Rule of Civil Procedure 55(c) provides that "for good cause shown, the court may set aside the entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." The concepts of default and default judgment are distinct and must be treated separately. <u>U.S. v. Topeka Livestock Auction, Inc.</u>, 392 F.Supp. 944 (N.D. Ind. 1975). However, due to the parallels between entries of default and default judgments, in reviewing entries of default courts will look to the same grounds that are relevant in considering whether to set aside a default judgment. <u>Id.</u> On the other hand, the standard is less rigorous when examining a motion to set aside entry of default than for default judgments, so these grounds are more liberally construed. <u>Hawaii Carpenters' Trust Funds v. Stone</u>, 794 F.2d 508, 513 (9th Cir. 1986). The grounds on which a court will deny a Rule 60(b) motion are if "(1) the defendant's culpable conduct led to the default, (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside." <u>Midsea Industrial, Inc. v. HK Engineering, Ltd.</u>, 1998 Guam 14 ¶ 5.

<u>Adams v. Duenas</u>, 1998 Guam 15 ¶ 5.

<u>Hawaii Carpenters' Trust Funds v. Stone</u> clarifies that while entries of default and default judgments are distinct, after a default judgment has been entered, Rule 55(c) motions to set aside default refer to Rule 60(b), on relief from judgments. <u>Hawaii Carpenters' Trust Funds v. Stone</u>, 794 F.2d 508, 513 (9th Cir. 1986). The result is that "when considering a motion to set aside a default entry, the parallels between granting relief from a default entry and a default judgment encourage utilizing the list of grounds provided in Rule 60(b), including whether a defendant has a meritorious defense." <u>Stone</u>, 794 F.2d at 513. The three Rule 60(b) factors cited in <u>Midsea Indus., Inc. v. HK Eng'g, Ltd.</u>, "(1) the defendant's culpable conduct led to the default, (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside," refer specifically to Rule 60(b)(1). See <u>Price v. Seydel</u>, 961 F.2d

1470, 1473 (9th Cir. 1992). All of these factors are relevant to the Rule 55(c) question of setting aside the entry of default. <u>Adams v. Duenas</u>, 1998 Guam 15 ¶ 5. Therefore, adjudicating a motion to set aside a Rule 55(c) motion to set aside an entry of default requires a Rule 60(b)(1) analysis. However, when adjudicating a Rule 55(c) motion the analysis is more lenient to the moving party than under a Rule 60(b)(1) motion. <u>Id.</u>

**I. Rule 55(c), Applying a Rule 60(b)(1) Analysis**

A court will deny a motion to vacate an entry of default under Rule 55(c), if (1) the defendant's culpable conduct led to the default, (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced by the setting aside the default. <u>See</u> <u>Adams v. Duenas</u>, 1998 Guam 15 ¶ 5. Any of these conditions is sufficient to uphold the default. <u>See</u> <u>Midsea Indus., Inc. v. HK Eng'g Ltd.</u>, 1998 Guam 14 ¶ 5 (citing <u>Cassidy v. Tenorio</u>, 856 F.2d 1412, 1415-16 (9th Cir. 1988)). These grounds, derived from the analysis of Rule 60(b)(1), are more liberally interpreted in the context of a motion for relief from an entry of default under Rule 55(c). <u>Hawaii Carpenters' Trust Funds v. Stone</u>, 794 F.2d 508, 513 (9th Cir. 1986). Moreover, the Plaintiff in this action is pro se, and "deference should be given toward a pro se party's litigation efforts." <u>McGhee v. McGhee</u>, 2008 Guam 17 ¶ 11.

But despite the fact that the Rule 60(b)(1) analysis is more liberal to the movant when conducted pursuant to Rule 55(c), these motions are only liberally granted, "in the exceptional circumstances where the events contributing to the default judgment have not been within the *meaningful control* of the defaulting party, or its attorney." <u>See</u> <u>Duenas v. Brady</u>, 2008 Guam 27 ¶ 22 (quoting <u>North Cent. Ill. Laborers' Dist. Counsel v. S.J. Groves</u>, 842 F.2d 164, 167 (11th Cir. 1988)) (emphasis original). This determination is within the discretion of the trial court. <u>Midsea Indus., Inc. v. HK Eng'g Ltd.</u>, 1998 Guam 14 ¶ 9 (ruling that the trial court did

not abuse its discretion in finding that the delay in setting aside the default judgment was not due to culpable conduct).

The basis for a Rule 60(b)(1) motion is "mistake, inadvertence, surprise, or excusable neglect." GRCP 60(b)(1). However, "[n]either carelessness nor ignorance, ascribed to the party or party's attorney, may supply grounds for relief under 60(b)(1)." Duenas v. Brady, 2008 Guam 27 ¶ 21 (citing Engleson v. Burlington Northern R.R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992)).

A Rule 60(b)(1) motion must be filed within one year of the judgment the motions seeks relief from. GRCP 60(b). The default was entered on October 11, 2013. Entry of Default, Oct. 11, 2013. The default judgment was issued on January 3, 2014. R. Log, Jan. 3, 2014. The Plaintiff first filed a motion on January 10, 2014, but this motion was procedurally improper. See Order, Jan. 15, 2014. However, the Plaintiff fixed the procedural improprieties and filed a new motion on January 24, 2014. See CVR 7.1 Forms 1 & 2, Jan. 24, 2014; Pl.'s Mot., Jan. 24, 2014. The motion is timely.

The entry of default against the Plaintiff regards the counterclaim for divorce filed in the Defendant's Amended Answer. See Entry of Default, Oct. 11, 2013; see R. Log, Jan. 3, 2014. In his motion memorandum, the Plaintiff argues that the entry of default was based on his inadvertence and surprise. Pl.'s Mot. 1-4, Jan. 24, 2014. He argues that he believed that he had already given an oral answer to the counterclaim at the hearing on August 23, meaning that he thought his non-objection to the Defendant's motion to amend her answer also constituted a non-objection to the counterclaim for divorce itself. Id. at 2. As to why he would not object to the counterclaim for divorce when he was prosecuting a claim for annulment, the Plaintiff responds that he believed the counterclaim would only become operative if his claim for

annulment was defeated, and if he could not receive an annulment then a divorce would be the next best thing. Id. at 1-2. Even after he was served the entry of default, he still did not believe it would come into effect until after the annulment claim was adjudicated, and thought there was nothing he could do about the entry of default after the fact. Id. at 2-3.

The Guam Supreme Court has stated that, "deference should be given toward a pro se party's litigation efforts." McGhee v. McGhee, 2008 Guam 17 ¶ 11. But the Court would be more likely to give deference to the pro se Plaintiff and interpret such errors as excusable neglect, were those errors not further instances in which the Plaintiff failed to follow the Rules of Civil Procedure, despite the Court's repeated instructions that he do so. Neither the Plaintiff nor the Plaintiff's counsel attended the pre-trial conference on December 12, 2012. Nor was the Plaintiff's trial brief filed by January 9, 2013 as the Court ordered. In his Motion for Enlargement of Time to File Trial Brief, the Plaintiff attributes this to negligence on the part of his former counsel, who he then discharged. Pl.'s Mot. 2, Jan. 22, 2013.

After the Plaintiff began representing himself pro se, his noncompliance with the Rules and with the Court's instruction did not cease. At the hearing on February 20, 2013, the Court directly told the Plaintiff that his pro se status did not relieve him of the obligation to follow the Rules of Civil Procedure. R. Log. 1, Feb. 20, 2013. At a subsequent hearing on August 23, the Plaintiff asked if he could move for summary judgment after filing a new trial brief. R. Log, Aug. 23, 2013. The Court responded in the negative, explaining that the motions period had ended, and told the Plaintiff to review the Rules. Id. Despite that, on December 10, 2013 the Plaintiff filed a motion for leave to exceed the page limits for a memorandum in support of a motion for summary judgment. Pl.'s Mot. Dec. 10, 2013. This obliged the Court to issue a Decision and Order on December 30, again explaining that such a summary judgment motion

would be untimely. Most notably, at the August 23 hearing the Court directly told the Plaintiff that the Local Rules afforded him time to file an answer to the Defendant's counterclaim. R. Log, Aug. 23, 2013.

This pattern of noncompliance, despite the Court's repeated instructions to the Plaintiff, persuades the Court that the Plaintiff's failure to answer the Defendant's counterclaim was an error of, "carelessness or ignorance," that does not provide grounds for relief under Rule 60(b)(1). Duenas v. Brady, 2008 Guam 27 ¶ 22. After being repeatedly put on notice, it was within the Plaintiff's meaningful control to file an answer to the counterclaim, and not doing so was culpable. Despite the more deferential approach to a Rule 60(b)(1) analysis that Rule 55(c) requires, and despite the fact that the Plaintiff is pro se, because the Court repeatedly warned the Plaintiff to follow the Rules of Civil Procedure, the Court finds that the entry of default resulted from the Plaintiff's careless and culpable conduct.

The culpability of the Plaintiff's conduct is enough to deny the Plaintiff's Rule 55(c) motion. See Midsea Indus., Inc. v. HK Eng'g Ltd., 1998 Guam 14 ¶ 5 (listing the bases for a court to deny a Rule 60(b)(1) motion and stating that a failure to meet any one of them is sufficient to deny the motion and uphold the judgment). However, the Court will briefly discuss the other two bases, whether the moving party has a meritorious defense, and whether the non-moving party would be prejudiced by setting aside the default.

The Plaintiff argues that he has meritorious claims of fraud that require a trial of his annulment action. Pl.'s Mot. 7-8, Jan. 24. 2014. The Defendant vociferously contests the relevance and materiality of any of her statements to the Plaintiff before the parties' marriage, arguing that they are insufficient to amount to a fraud that may give grounds to grant an annulment, and also arguing that no court in the United States has ever granted a fraud-based

annulment on facts similar to those alleged by the Plaintiff. See Def.'s Opp'n 4-5, Feb. 21, 2014; R. Log. Jul. 2, 2014.

Whatever the merits of the Plaintiff's annulment cause of action, which the Court will not address here, they are not relevant to the question of whether the Plaintiff has a valid defense to the Defendant's divorce counterclaim. The counterclaim forms the basis for the default, default judgment, and divorce decree that is currently in place. The merits of the original annulment action are mooted by the divorced state of the parties, and the Plaintiff must be able to mount a meritorious defense to the entry of default or default judgment granting the counterclaim.

"The underlying concern [of the meritorious defense requirement] is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). The Defendant/Counterclaim-Plaintiff pleaded for divorce on the basis of irreconcilable differences. Def.'s Am. Answer 3, Aug. 30, 2013. As of the date of the filing of the counterclaim, the parties had been separated for approximately twenty months, and the separation occurred nine months after they were married. Id. The Plaintiff has not controverted the fact or length of the parties' separation, argued that reconciliation is possible, or otherwise stated that irreconcilable differences have not arisen between the parties. Indeed, from the outset of the suit the Plaintiff has sought to not be married, the only difference being that he sought an annulment rather than a divorce. The Defendant himself sees divorce as the second-best possibility. Pl.'s Mot. 1, Jan. 24, 2014.

The parties have been separated since October 23, 2011, and the court's decree of divorce was issued on January 14, 2014. Def.'s Am. Answer 3, Aug. 30, 2013; Final Decree of

Divorce, Jan. 14, 2014. Granting the Plaintiff's motion and trying the annulment case would reinstate the parties' marriage, if temporarily, and may interfere with any attempts to form new personal relationships by the Defendant, and thus would prejudice the Defendant.

Even under the more lenient standard that applies to a Rule 55(c) motion, the Plaintiff has not managed to show good cause to set aside the entry of default. The default was issued on the basis of the Plaintiff's culpable behavior, the Defendant has not pleaded a meritorious defense to the Defendant's counterclaim for divorce, and granting the motion would prejudice the Defendant. The Plaintiff's Rule 55(c) motion to set aside the entry of default is DENIED.

## II. Rule 60(b)

The Plaintiff moves for relief from the default judgment on the bases of Rule 60(b)(1), (4), and (6). In relevant parts, Guam Rule of Civil Procedure 60(b) states the following:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect…(4) the judgment is void…(6) any other reason justifying relief from the operation of the judgment.

GRCP 60(b); see also Cristobal v. Siegel, 2014 Guam 16 ¶ 23. Guam's rule was modeled after Federal Rule of Civil Procedure 60(b). Brown v. Eastman Kodak Co., 2000 Guam 30 ¶ 14. The Court shall adjudicate the three subparts of the rule in turn.

## A. Rule 60(b)(1)

"When considering a motion to set aside a default entry, the parallels between granting relief from a default entry and a default judgment encourage utilizing the list of grounds provided in Rule 60(b), including whether a defendant has a meritorious defense." Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). The three Rule 60(b)(1) factors are, "(1) the defendant's culpable conduct led to the default, (2) the defendant has no meritorious

defense, or (3) the plaintiff would be prejudiced if the judgment is set aside." Midsea Indus., Inc. v. HK Eng'g, Ltd., 1998 Guam 14 ¶ 5; see Price v. Seydel, 961 F.2d 1470, 1473 (9th Cir. 1992). Adjudicating a Rule 55(c) motion to set aside entry of default requires a Rule 60(b)(1) analysis, but is more lenient than for a Rule 60(b)(1) motion for relief from a default judgment. Adams v. Duenas, 1998 Guam 15 ¶ 5; Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). As stated above, the Court denies the Plaintiff's Rule 55(c) motion to set aside entry of default. *A fortiori*, the Plaintiff's Rule 60(b)(1) motion for relief from default judgment must also fail, and thus is DENIED.

**B. Rule 60(b)(4)**

GRCP 55(b)(2) requires that, if a party has appeared in the action, a default judgments against that party must be preceded by service of written notice of the application for judgment at least three days prior to the hearing on such application. GRCP 55(b)(2). Both parties have appeared in this action. The parties do not dispute that the Plaintiff was not formally served notice of an application for a default judgment as a physical document. See Pl.'s Mot. 3, Jan. 22, 2014; see Def.'s Opp'n 3-4, Feb. 21, 2014. Instead, on December 10, 2013, the Defendant's counsel emailed the Plaintiff saying that the Defendant would move for a default judgment at the next hearing. See Pl.'s Mot. 3, Jan. 22, 2014; see Def.'s Opp'n 3-4, Feb. 21, 2014; Decl. of Berman, Ex. A, Feb. 21, 2014. The email by the Defendant's counsel was in response to an email by the Plaintiff which said that the Plaintiff intended to move for summary judgment and suggested January 3, 2014, the day of the pre-trial conference, as possible time to air the motion argument. See Decl. of Berman, Ex. A, Feb. 21, 2014. The Plaintiff knew that a hearing would take place on January 3, and the Defendant's counsel informed the Plaintiff by email that the

Defendant would move for a default judgment at the hearing. The default judgment was granted at January 3, 2014 hearing. R. Log. Jan. 3, 2014.

A Rule 60(b)(4) motion must be made "within a reasonable time." GRCP 60(b). The Plaintiff's motion was filed on January 24, 2014, three weeks after the default judgment was granted on January 3, 2014. Pl.'s Mot., Jan. 24, 2014; R. Log, Jan. 3, 2014. The motion is timely.

The Plaintiff argues that because the form of notice did not match the requirements of Rule 55(b)(2), the Plaintiff was not given due process, the default judgment is void, and the Court should vacate it on the basis of Rule 60(b)(4). Pl.'s Mot. 4, Jan. 22, 2014. The Defendant disagrees, arguing that the Plaintiff's receipt and acknowledgement of the email that said the Defendant's counsel would apply for a default judgment constitutes actual notice, and when actual notice is provided the requirement of more formalized methods of notice are trumped. Def.'s Opp'n 4, Feb. 21, 2014. The Plaintiff does not contest that the December 10, 2013 email was sent more than three days before the January 3, 2014 hearing. See Pl.'s Mot. 4, Jan. 24, 2014.

"A judgment is void if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." Mariano v. Surla, 2010 Guam 2 ¶ 32 (citing In re Four Seasons Secs. Laws Litig., 502 F.2d 834, 842 (10th Cir. 1974)). If any of these requirements for a valid judgment are not met, a trial court is required to grant relief. Mariano v. Surla, 2010 Guam 2 ¶ 12. The Plaintiff does not contest the personal or subject-matter jurisdiction of this Court, but does argue that the lack of the form of notice prescribed in Rule 55(b)(2) deprived him of due process. See Pl.'s Mot. 4, Jan. 22, 2014.

The Supreme Court of Guam has previously been presented with "the issue of whether actual notice may cure a technical defect in service." Pineda v. Pineda, 2005 Guam 10 ¶ 18 fn. 7. However, in Pineda there was no evidence that the defendant received actual notice and the plaintiff did not argue that actual notice had been provided, so the facts of that case did not require resolution of the question. Id. The Supreme Court did, however, cite to a pair of cases illustrating the approaches of appellate courts in other jurisdictions. Id. (citing Gibble v. Car-Lane Research, Inc., 78 Cal Rptr. 2d 892, 903 (Cal. Ct. App. 1998), and Williams v. Williams, 150 S.W.3d 436, 444 (Tex. App. 2004)).

In Gibble, the court ruled that the plaintiff's service of process on a corporate agent with ostensible authority to accept it validly established the court's jurisdiction, notwithstanding technical defects. Gibble, 78 Cal Rptr. 2d at 903. This was because, "the statutory provisions regarding service of process should be liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant." Id.

In Williams, the required citation did not contain the petitioner's name, but complied with the rule in all other respects. Williams, 150 S.W.3d at 443. The court ruled that Texas' requirement of strict adherence to rules regarding service of the citation existed to ensure that there is no question about whether the proper party was served before the default judgment was rendered. Id. at 444. In this case, the defendant admitted that she had been served the papers and knew who the petitioner was, despite the fact that the petition lacked the petitioner's name, so the trial court did not err in asserting personal jurisdiction. Id. at 445.

In another case where a court was faced with whether email notice sufficed for Rule 55(c) purposes, Sunburst Media Management, Inc. v. Devine, the plaintiff sent an email to the defendant stating that a final extension would be offered to enable the defendant to answer the

complaint if a settlement was not reached. <u>Sunburst Media Management, Inc. v. Devine</u>, 2009 WL 1810166 *3 (N.D. Texas, 2009). However, the email did not state that the plaintiff would seek a default judgment if an answer was not filed within the allotted period, or otherwise mention a default judgment in any way. <u>Id.</u> Accordingly, the court ruled that the email did not provide written notice of an application for a default judgment, as required by Federal Rule of Civil Procedure 55(b)(2). <u>Id.</u>

    <u>Gibble</u> and <u>Williams</u> both relate to service of process given by the plaintiff to the defendant at the onset of the litigation. <u>Gibble</u>, 78 Cal Rptr. 2d at 903; <u>Williams</u>, 150 S.W.3d at 433. Key to the reasoning of both courts in ruling that the service was sufficient was the actual notice or knowledge by the defendants of all the information that the formalized method of process was intended to convey. <u>See</u> <u>Gibble</u> at 903; <u>see</u> <u>Williams</u> at 445. In the case at bar, the entry of default and default judgment has arisen on the defendant's counterclaim, wherein there can be no dispute that the plaintiff was aware of the action. Unlike <u>Sunburst Media Management, Inc.</u> though, in this case the Plaintiff acknowledges that the email he received provided him with actual notice of the Defendant's intention to seek a default judgment. Pl.'s Mot. 3, Jan. 24, 2014. That actual notice was provided twenty-four days before the hearing. <u>See</u> Decl. of Berman Ex. A, Feb. 21, 2014.

    In addition, in this case the purpose for Rule 55(b)(2)'s requirement of three days of written notice is inapplicable. The distinction between Rule 55(b)(1) and (2) is the certainty of damages. <u>See</u> GRCP 55(b). If the plaintiff's claim "is for a sum certain or for a sum which can by computation be made certain," then the Clerk of Court shall enter judgment without fact-finding by a judge or jury. <u>See</u> GRCP 55(b)(1). In contrast, under Rule 55(b)(2) a trial court may conduct a hearing as it deems necessary, and the court must provide trial by jury if required

by statute, even though the hearing or trial will only find the amount of damages and not the fact of liability. See GRCP 55(b)(2). This is because "when a party fails to file an answer and a default judgment is entered, only the factual allegations of the complaint as to liability are deemed admitted and not the allegations relating to damages." Mariano v. Surla, 2010 Guam 2 ¶ 39 (citing Pope v. United States, 323 U.S. 1, 12 (1944)); see also Brock v. Unique Racketball and Health Clubs, Inc., 786 F.2d 61, 65 (2d Cir. 1986) ("In the context of a default entered for failure to plead, Rule 55 contemplates a hearing on at least three days' notice to determine the amount of damages for which judgment should be entered whenever that amount remains to be ascertained."). Upon entry of default, liability is established, and only the damages determination remains. Brock, 786 F.2d at 65.

However, the Defendant/Counterclaim-Plaintiff did not seek damages in her counterclaim. Instead, she sought denial of the Plaintiff's complaint for annulment, divorce, the recovery of property being held by her attorney pursuant to Court order, costs and fees, and other relief as may be just. Def.'s Am. Answer 4, Aug. 30, 2014. In the Final Decree of Divorce, the Court dissolved the parties' marriage and ordered that the Defendant's property be returned to her by her attorney. Final Decree of Divorce 2, Jan. 13, 2014. The court did not award fees and costs or otherwise grant monetary relief. Id. There was no need for fact-finding to determine an amount of damages.

Moreover, in this case the Plaintiff seeks to set aside a default judgment of divorce and proceed to trial on his action for annulment. At present, the parties are no longer married, and the action for annulment is moot unless the Court vacates the divorce decree. Formally, an annulment retroactively determines that a marriage was invalid, and a divorce dissolves a valid marriage. See 19 GCA Ch. 8 (2005). But for practical purposes, they are much the same thing.

With regard to the central purpose of an annulment action the Plaintiff will be no better off. But scarce judicial resources will be consumed to adjudicate the trial, and the Defendant will lose her status as a single person in the meantime.

Under the particular circumstances of the case, in a default judgment resulting from a counterclaim, where the Plaintiff had actual notice that the Defendant would move for a default judgment at the next hearing, no further fact-finding was required to grant relief to the counterclaimant, and there is little if any practical difference between the Plaintiff's desired remedy of annulment and the present status of the parties as divorced, the Court determines that the Defendant's provision of notice regarding the motion for a default judgment by email did not deprive the Plaintiff of due process of law. Therefore, the judgment is not void, and the Plaintiff's Rule 60(b)(4) motion is DENIED.

## C. Rule 60(b)(6)

Rule 60(b)(6) allows a court to set aside a final judgment for "any other reason justifying relief from the operation of the judgment." GRCP 60(b)(6). The subsections of Rule 60(b) are mutually exclusive, and if the circumstances alleged fall into any of the other, more specific, subsections, then relief under Rule 60(b)(6) cannot be granted. Mariano v. Surla, 2010 Guam 2 ¶ 34; Brown v. Eastman Kodak Company, 2000 Guam 30 ¶ 14 (adopting the federal Supreme Court's interpretation of Federal Rule of Civil Procedure 60(b)(6) in Klapprott v. United States, 335 U.S. 601, 613-16 (1948)).

Courts provide relief under Rule 60(b)(6) "sparingly 'as an equitable remedy to prevent manifest injustice.'" Merchant v. Nanyo Realty, Inc., 1998 Guam 26 ¶ 9 (quoting United States v. Alpine Land & Reservoir, Co., 984 F.2d 1047, 1049 (9th Cir. 1993)). Such relief is only appropriate in extraordinary circumstances, and the Supreme Court of Guam is therefore

reluctant to approve the relief of judgments pursuant to Rule 60(b)(6). Cristobal v. Siegel, 2014 Guam 16 ¶ 31. In Parkland Development, Inc. v. Anderson, the Supreme Court held that the negligence of a party's attorney does not provide the extraordinary circumstances required to relieve a judgment under Rule 60(b)(6): "Defense counsel's failure to raise affirmative defenses cannot act to relieve the Andersons from the judgment received at trial." Parkland Dev., Inc. v. Anderson, 2000 Guam 8 ¶ 16. In addition to extraordinary facts, the movant must show that it has "a meritorious case, that substantial injustice to the movant would otherwise result, and that it would be appropriate to set aside default so that the case can proceed to the merits." Brown v. Eastman Kodak Company, 2000 Guam 30 ¶ 25.

As is the case for Rule 60(b)(4) motions, Rule 60(b)(6) motions must be made "within a reasonable time." GRCP 60(b). The motion is timely.

The Plaintiff makes two arguments in support of relief from judgment under Rule 60(b)(6), that a decree of divorce cannot be granted on the basis of uncorroborated evidence when both parties have appeared in the action, and that the fact that the Court previously ordered that the Defendant's jewelry be transferred from the Plaintiff's possession to the possession of the Defendant's counsel, pending resolution of the case. Pl.'s Mot. 5-6, Jan. 24. 2014.

The first of these arguments is inapplicable, and the second is insufficient for the requirements of Rule 60(b)(6). Caspino v. Caspino, cited by the Plaintiff, stated that a marriage may not be dissolved upon an uncorroborated statement, but that in a default divorce, the court may grant a divorce based on the verified complaint of the plaintiff or petitioner. Caspino v. Caspino, 1988 WL 242619 (D. Guam A.D). But since the Plaintiff failed to answer the counterclaim and default was entered, this is a default divorce proceeding. In addition, Caspino

refers to the requirements for proving fault in a fault divorce, and since <u>Caspino</u> was decided in 1988 the Legislature has amended the dissolution of marriage statute to allow for divorce to be granted for irreconcilable differences as well as for fault. 19 GCA § 8302(g); P.L. 24-134, Section 3 (1998).

Second, regarding the Defendant's jewelry, the Court's Final Decree of Divorce ordered that the Defendant's counsel – who was holding the jewelry as an officer of the Court pending the resolution of the case – return the jewelry to the Defendant's possession. Final Decree of Divorce 2, Jan. 13, 2014. The Defendant's counterclaim for divorce had requested that the Court order the return of the jewelry. Def.'s Am. Answer 4, Aug. 30, 2013. The grant of possession of the jewelry to the Defendant, upon a default and default judgment, does not remotely rise to the level of an extraordinary circumstance or a manifest injustice.

Moreover, as stated above, the Plaintiff's failed to answer the Defendant's counterclaim for divorce, despite being told that under the rules he had time to do so. This was one of a number of cases where the Plaintiff did not follow the Rules of Civil Procedure despite the Court's repeated admonitions. These repeated failures amount to carelessness or negligence, and do not rise to the level of an extraordinary circumstance where a court must use its Rule 60(b)(6) authority to prevent a manifest injustice. <u>Compare</u> <u>Parkland Dev., Inc. v. Anderson</u>, 2000 Guam 8 ¶ 16 (holding that a counsel's negligence is not an extraordinary circumstance). Because the Plaintiff does not plead an extraordinary set of facts, it is not necessary to determine whether the remaining requirements for a grant of relief from judgment under Rule 60(b)(6) are met.

The Plaintiff's Rule 60(b)(6) motion for relief from the default judgment is DENIED.

**II. Sanctions and Attorney's Fees**

The Defendant requests that the Court award the Defendant attorney's fees and costs, and also that the Court fine the Defendant. Def.'s Opp'n 5, Feb. 21, 2014. But the Plaintiff has used the correct procedure to attempt to undo the default judgment against him. The Court does not find that the Plaintiff's conduct in filing this motion was vexatious, oppressive, or in bad faith, though his efforts were ultimately unsuccessful. No fine shall be levied against the Plaintiff. Each side shall bear its own fees and costs.

## CONCLUSION

For the reasons set forth above, the Plaintiff's Rule 55(c) motion to set aside default and Rule 60(b) motion for relief from default judgment are both DENIED. The Final Decree of Divorce shall remain in effect.

**IT IS SO ORDERED** this day of ___AUG 0 8 2014___.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**
I acknowledge that a copy the
original hereto was placed in the
court box of:

_M. Merman_

Date: _____ Time: _4 pm_

Deputy Clerk, Superior Court of Guam